J-A06029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARICIA NICHOLSON | : | |
| | : | |
| Appellant | : | No. 353 WDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
918 of 2019

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED: APRIL 9, 2021**

Laricia Nicholson appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County. After careful review, we affirm based on the well-reasoned opinion authored by the Honorable Daniel J. Brabender.

On January 6, 2019, Nicholson and the victim, Breonna Payne, engaged in a verbal altercation at the bar of Hunter's Inn. N.T. Non-Jury Trial, 11/22/19, at 4-5. A bouncer who overheard the argument told Payne to leave the bar. *Id.* at 5. Payne testified that she and a friend left the bar and went to her car, and Nicholson and her friends followed them and surrounded the car. *Id.* at 6. Payne testified that Nicholson questioned her about the father of Nicholson's child, and then Nicholson struck Payne with her hand and a physical altercation ensued. *Id.* at 6-8. A video admitted into evidence depicted Payne on the ground, struggling beneath Nicholson, who was on top

of her. In the background people are heard encouraging Nicholson to "get her." *Id.* Payne testified she was "fighting for [her] life." *Id.* at 10.

Payne suffered lacerations to her face, leaving a scar to her left cheek and another from her eyebrow to her lower eye. *Id.* at 13. Payne testified that she did not know what caused the lacerations, "something sharp–I don't know what it was. I just remember it just went across my face and then by my eye. That's when I just really started fighting for my life." *Id.* at 14.

Nicholson was charged with simple assault,[1] harassment,[2] and possessing an instrument of crime (PIC).[3] Following a bench trial before Judge Brabender, the court convicted Nicholson of simple assault and harassment, and acquitted her of PIC.

On January 22, 2020, Judge Brabender sentenced Nicholson to two years of county-supervised probation and ordered her to pay costs and restitution and complete 25 hours of community service. On January 23, 2020, Nicholson's trial counsel, Michael DeJohn, Esquire, filed a post-sentence motion, which was denied on February 3, 2020. On March 4, 2020, counsel filed a timely notice of appeal and a notice of intent to file an *Anders*/*McClendon*[4] brief in lieu of Pa.R.A.P. 1925(b) concise statement of

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(1).

[3] 18 Pa.C.S.A. § 907(a).

[4] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981).

errors complained of on appeal. **See** Pa.R.A.P. 1925(c)(4) (providing that, in criminal case, counsel may file of record and serve on judge statement of intent to file **Anders**/**McClendon** brief in lieu of filing Rule 1925(b) statement).

On April 23, 2020, appellate counsel, Emily M. Merski, Esquire, entered her appearance on Nicholson's behalf. After reviewing Attorney DeJohn's notice of intent to file an **Anders**/**McClendon** brief in lieu of a Rule 1925(b) statement, Attorney Merski filed a motion for special relief in this Court. On July 13, 2020, this Court granted counsel's motion and entered an order remanding the case so that Attorney Merski could file a Pa.R.A.P. 1925(b) statement and the court could file a Rule 1925(a) opinion. **See** Order, 7/14/20.[5]

On July 27, 2020, counsel filed a Rule 1925(b) statement. The trial court filed its Rule 1925(a) opinion on September 8, 2020. Nicholson raises the following issue for our review: "Whether the Commonwealth presented insufficient evidence to convict [Nicholson] of [s]imple [a]ssault and [h]arrasment?"[6] Appellant's Brief, at 3.

---

[5] This Court's order also suspended the briefing schedule and retained jurisdiction.

[6] The issue of whether the evidence was sufficient to support Nicholson's conviction of harassment was not included in her Rule 1925(b) statement. **See** Rule 1925(b) Statement, 7/28/20. That issue, therefore, is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are

Our standard of review is well settled:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Finally, the trier of fact, while passing upon the credibility of witnesses, is free to believe all, part, or none

---

waived."); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925"; "[a]ny issues not raised in a 1925(b) statement will be deemed waived"). "The rule announced in *Lord* has been strictly applied by our appellate courts." *Commonwealth v. Phinn*, 761 A.2d 176, 178 (Pa. Super. 2000).

of the evidence. ***Commonwealth v. Fortson***, 165 A.3d 10, 14–15 (Pa. Super. 2017).

To prove simple assault, the Commonwealth must establish that Nicholson attempted to cause, or intentionally, knowingly, or recklessly caused, bodily injury to Payne. ***See*** 18 Pa.C.S.A. § 2701(a)(1). Nicholson argues Payne was the aggressor and that Payne struck the first blow outside the bar. Nicholson claims, therefore, that she was acting in self-defense and the Commonwealth failed to disprove self-defense beyond a reasonable doubt. Appellant's Brief, at 7-8. ***See Commonwealth v. Houser***, 18 A.3d 128, 1135 (Pa. 2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of Judge Brabender, we conclude Nicholson's claim is meritless. Although Nicholson testified that she was not the aggressor, Judge Brabender found her testimony was not credible. ***See*** Trial Court Opinion, 9/8/20, at 3-8 (concluding evidence, including victim's testimony and video admitted into evidence, supported conviction of simple assault; testimony offered in support of self-defense was not credible). Accepting the trial judge's credibility determinations and viewing all evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence to support Nicholson's conviction of simple assault. ***See*** 18 Pa.C.S.A. § 2701(a); ***Fortson***, 165 A.3d at 14.

We, therefore, rely on Judge Brabender's opinion to affirm Nicholson's judgment of sentence. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/2021

COMMONWEALTH OF PENNSYLVANIA   :    IN THE COURT OF COMMON PLEAS
                                              :    OF ERIE COUNTY, PENNSYLVANIA
                                              :
                       v.                              :    CRIMINAL DIVISION
                                              :
LARICIA DESARIE NICHOLSON      :    NO. 918 of 2019

## OPINION

This matter is before the Court on Appellant's 1925(b) Concise Statement of Matters Complained of on Appeal. For the reasons set forth below, the judgment of sentence should be affirmed.

## BACKGROUND

Appellant, Laricia Desarie Nicholson, was charged with Simple Assault, Harassment, and Possessing Instruments of Crime.[1] The charges arose from Appellant's actions in assaulting the victim, Breonna Payne, on January 6, 2019 near Hunter's Inn Tavern in the City of Erie.[2] The incident occurred shortly after Payne and Appellant exited the bar. A non-jury trial was held on November 22, 2019, Appellant was convicted Simple Assault and Harassment. Appellant was acquitted of the charge of Possessing Instruments of Crime.

On January 22, 2020, Appellant was sentenced two years of County-supervised probation for Simple Assault, and for the conviction for Harassment the Court made a determination of guilt without further penalty.

---

[1] 18 Pa.C.S.A. §§2701(a)(1) , 2709(a)(1) and 18 Pa.C.S.A. §907(a), respectively.

[2] There is a discrepancy regarding the correct spelling of the victim's first name. In the Magisterial Docket and the Information, the victim's name is spelled Breonna Payne. In the transcript of proceedings from the non-jury trial, the victim's name is spelled Brianna Payne.

1

On January 23, 2020 Appellant filed a post-sentence motion seeking a lesser period of probation or a non-probationary sentence. On January 28, 2020, the Commonwealth filed a response thereto. On February 3, 2020, the Court denied the motion.

On March 4, 2020, Appellant's counsel filed a Notice of Appeal and concurrently filed a Statement of Intent to File an *Anders/McClendon* Brief. On April 20, 2020, the Court filed a 1925(a) Opinion and thereafter the record was transmitted to the Superior Court. On July 13, 2020, the Superior Court, upon consideration of Appellant's "Application for Special Relief," remanded the matter with instructions for Appellant to file and serve a concise statement of matters complained of on appeal within 14 days.

On July 28, 2020, Appellant filed an Amended Statement of Matters Complained of On Appeal. On appeal, Appellant challenges the sufficiency of the evidence for the conviction for Simple Assault. At trial, Appellant, through her testimony and that of her cousin, Shantae Green, introduced evidence of self-defense. The Commonwealth introduced evidence to disprove the self-defense claim, through cross-examination of witnesses, the introduction of a video of a portion of the altercation which was admitted in evidence as Commonwealth Exhibit No. 1, and through the testimony of Payne and an investigating City of Erie Police officer, Officer Peter Balesk.

In the Amended 1925(b), Statement, Appellant asserts the Commonwealth failed to establish Appellant attempted to cause or intentionally, knowingly or recklessly caused injury to Brianna Payne. Appellant asserts Shantae Green testified Green and Appellant "never engaged" Payne inside Hunter's Inn Tavern. "Conversely, Ms. Payne and her friends engaged the Appellant which was why they were asked by the bar security to leave the establishment. Further, it was Ms. Payne who followed the Appellant to her vehicle and it was Ms. Payne who

2

struck the Appellant." *See Amended Statement of Matters Complained of On Appeal,* ¶ *12.* Essentially, Appellant asserts the evidence was insufficient for the conviction of Simple Assault because of Green's testimony the victim, not Appellant, was the instigator of some verbal disagreement inside the bar, and Payne struck the first blow outside the bar. In other words, Appellant raises the claim of self-defense.

## LEGAL STANDARDS

Simple Assault at 18 Pa.C.S.A. §2701(a)(1) is defined as follows:

**(a) Offense defined.** – Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

18 Pa.C.S.A. §2701(a)(1).

18 Pa.C.S.A. §505 sets forth when use of force in self-defense is justifiable. In pertinent part, the statute provides:

**§ 505. Use of force in self-protection**

**(a) Use of force justifiable for protection of the person.** – The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

18 Pa.C.S.A. §505(a).

Where a defendant introduces evidence of self-defense, the Commonwealth bears the burden of disproving the self-defense claim beyond a reasonable doubt. *Commonwealth v. Houser,* 18 A.3d 1128, 1135 (Pa. 2011). "Although the Commonwealth is required to disprove a claim of self-defense ... [the trier of fact] is not required to believe the testimony of the

defendant who raises the claim." *Commonwealth v. Houser*, 18 A.3d at 1135, citing *Commonwealth v. Carbone*, 574 A.2d 584, 589 (Pa. 1990).

The standard of review for sufficiency of the evidence claims is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable a fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019) (citation omitted).

## DISCUSSION

Viewing the evidence against these standards, Appellant's claims are wholly without merit.

Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to find the Commonwealth met its burden of proof in establishing Appellant committed Simple Assault at 18 Pa.C.S.A. §§2701(a)(1). The record established Appellant attempted to cause or intentionally, knowingly or recklessly caused bodily injury to Payne. The Commonwealth disproved Appellant's claim of self-defense beyond a reasonable doubt.

4

Appellant's contentions Payne and her friends "engaged" Appellant inside the bar, and Ms. Payne followed Appellant to her vehicle and struck Appellant are belied by the credible evidence. The testimony offered in support of the defense of self-defense was not credible.

The testimony of Breonna Payne established the following. Payne went to Hunter's Inn Tavern to attend a benefit for a friend's mother. *Tr. p. 4.* Appellant and others arrived five to ten minutes later. *Tr., p. 4.* Shortly after, Appellant and her friends approached the table where Payne was sitting. Appellant tied her hood around her head and tightened her boots and began to "cause problems." *Tr., pp. 4-5.* A bouncer who apparently overheard what transpired told Payne to go ahead and leave. *Tr., p. 5.* Payne left with her friend. Payne got in her vehicle and moved it closer to her friend's vehicle so the friend could transfer contents from Payne's vehicle to her own. *Tr., p. 6.* As the transfer of items was completed, Appellant and others surrounded Payne's vehicle. Appellant approached Payne and asked Payne questions about the father of Appellant's child. Appellant went "on and on and on" and then struck Payne with her hand. A physical altercation between Appellant and Payne ensued, during which Payne "tripped over someone or something." Payne fell and felt a cut to her face and by her eye. *Tr., pp. 6-7.* The police arrived; someone pushed Appellant off of Payne and then Payne got up off the ground. *Tr., p. 8.* After Appellant's friends got in a car, they called Payne. During a phone call, Payne heard Appellant state, "That's why I cut you B." *Tr., p. 8.* Payne went to the emergency room of UPMC Hamot Hospital for treatment because her face was bleeding. *Tr., p. 8.*

During Payne's testimony the Commonwealth played several times a video taken by Appellant's friend. The video was admitted in evidence as Commonwealth Exhibit No. 1. *Tr., pp. 8, 11, 41.* The video depicts Payne on the ground, on the bottom, with Appellant on top of her. Payne is seen struggling beneath Appellant. Payne described the video as depicting Payne

5

"fighting for my life." *Tr., p. 10.* People in the background are heard to encourage Appellant by her nickname, "Nene", saying "Get her, Nene." *Tr., p. 10.*

Payne was interviewed by Officer Balesk at the hospital shortly after the incident. *Tr., pp. 11-12.* Payne testified the information she provided to Officer Balesk was consistent with Payne's testimony at trial. *Tr., p. 12.* Payne identified for the Court the residual scars from her facial injuries, which include a scar to her left cheek and another scar from her eyebrow to her lower eye. *Tr., p. 13.* Payne testified she did not know what specifically caused the lacerations to her face. "All I know is when we fell, something sharp – I don't know what it was. I just remember it just went across my face and then by my eye. That's when I just really started fighting for my life." *Tr., p. 14.*

Officer Balesk testified as follows. Balesk interviewed Payne and observed her facial injuries in the emergency room. Payne reported to Balesk the incident technically verbally started inside Hunter's Inn and the physical altercation occurred outside the bar near Payne's parked vehicle. Payne reported she was knocked down or tripped, and during the altercation she was cut in the face and struck multiple times. Payne told the officer she wanted to pursue charges against Appellant. Payne's trial testimony was consistent with the information Payne reported to Balesk at the hospital. *Tr., pp. 30-41.*

Shantae Green, Appellant's cousin and friend, testified as follows. Green did not see Payne inside the bar, only Payne's friends. *Tr., pp. 44-45, 51.* Green did not observe Payne speak to Appellant inside the bar. *Tr., p. 52.* Yet Green and Appellant left the bar approximately two minutes after Payne did. *Tr., p. 45.* An altercation occurred outside over the father of Appellant's child. *Tr., p. 56.*

6

Appellant's testimony is summarized as follows. Appellant likewise denied seeing Payne inside the bar. *Tr., pp. 61, 69.* A verbal exchange occurred between Appellant and Payne, while Appellant was inside her own vehicle. *Tr., pp. 62, 70.* Appellant exited her vehicle and continued the altercation. *Tr., pp. 63, 70.* In Appellant's words, they met half-way between their vehicles and Payne struck Appellant first, in the face. *Tr., p. 63.* Appellant fought back, in defense of her unborn child.[3] After Payne landed on the ground, Appellant got on top of Payne to "stabilize" her. *Tr. pp. 65, 71-72.* Appellant denied seeing injuries or blood on Payne. *Tr., pp. 67.* After the incident, Appellant posted on social media, "I just got done whooping this musty b--- a--." *Tr. pp. 74-75.*

At the conclusion of the testimony, the Court made credibility findings, specifically finding as credible the testimony of Breonna Payne and Officer Balesk. *Tr., pp. 88.*

The evidence was sufficient to support the conviction for Simple Assault. The Commonwealth disproved Appellant's claim of self-defense beyond a reasonable doubt. The testimony of Appellant and Green contradicts Appellant's claim that Payne was the instigator inside the bar. Appellant and Green left the bar shortly after Payne exited the bar. According to Appellant, Appellant went to her vehicle and got inside. If this was accurate, then Appellant had the opportunity to remain inside the vehicle and/or to drive away. Instead, Appellant exited the vehicle and escalated the event.

The video clearly shows the victim struggling on the ground beneath Appellant. Appellant demonstrated aggressive behaviors on top of Payne. Third persons can be heard to cheer on Appellant. Appellant offered no plausible explanation why she felt compelled to get on top of Payne, after Payne fell to the ground, in order to subdue or "stabilize" her.

---

[3] Appellant testified she learned she was pregnant that very day, and went to the bar to celebrate. *Tr., pp. 63-64.*

7

The credible evidence amply supports the conclusion Appellant was the initial aggressor, both inside the bar and outside the bar, and dispels the notion Appellant acted in self-defense. Furthermore, the record establishes Appellant bragged on social media after the event, "I just got done whooping this musty b---- a--."

## CONCLUSION

Appellant's Amended 1925(b) claims are wholly without merit. For the above reasons, the judgment of sentence should be affirmed. The Clerk of Courts is hereby directed to transmit the record to the Superior Court.

BY THE COURT:

_9/8/2020_
Date

_Daniel J. Brabender, Jr._
Daniel J. Brabender, Jr., Judge

cc:     District Attorney's Office
        Emily M. Merski, Esq., Office of the Public Defender

8